# IN RE TAYLOR.

PATENTS; PATENTABILITY.

A decision of the Commissioner of Patents *affirmed,* which denied the application for a patent for a form of guarantee credit book which added to the arrangement of similar books for which former patents had been granted, other columns for the purpose of keeping an account of liquidated damages, or amounts which the depositors must pay the guarantor for failure to purchase a stipulated amount of merchandise, upon the ground that it involved no invention to add to the book the additional columns to accomplish such purpose.

No. 497.  Patent Appeals.  Submitted May 18, 1908.  Decided June 2, 1908.

HEARING on an appeal from the decision of the Commissioner of Patents rejecting an application for a patent.    *Affirmed.*

The facts are stated in the opinion.

*Mr. Horatio E. Bellows* for the appellant.

*Mr. Frederick A. Tennant* for the Commissioner of Patents.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

This is an appeal from the decision of the Commissioner of Patents denying an application for a patent having the following claims:

"In a guarantee credit book, two pages, one of which has a column suitably designated for balances due stores, columns suitably designated for entries pertaining to liquidated damages, and a column suitably designated for balances due as liquidated damages, while the other is provided with columns co-

operating with those of the first-mentioned page, and suitably designated for entries pertaining to gross credit balances available for the use of a purchaser and suitably designated for entries pertaining to net credit balances for which a guarantor is responsible, respectively."

The references in the decisions of the Patent Office tribunals are, first, a patent to Taylor February 4, 1902, No. 692,384; second, a patent to Taylor March 10, 1903, No. 722,391. The first of these is for a deposit credit book having complementary pages, one of which is a deposit sheet, the other an account sheet provided with appropriately headed spaces for data relating to commercial transactions other than those with the bank, etc. The second relates to books employed to secure safety in commercial transactions, and has for its purpose the utilization of a bank account or other credit balance to secure credit for an equal or lesser sum in merchandise elsewhere than at the place of deposit without withdrawing any part of the bank account in the first instance, and without interrupting the accumulation of interest upon the balance. The claim is for a credit book with oppositely disposed sheets divided into columns appropriately headed, in which are to be made different entries showing the amount deposited, the amount withdrawn, the amount of purchases at certain stores, and balance due the depositor. The general scheme of the present application is the same as that of the above-mentioned patents. It adds other columns for the purpose of keeping an account of liquidated damages, that is, the amount which the depositor must pay the guarantor for the failure to purchase a stipulated amount of merchandise.

We agree with the Commissioner that it involves no invention to add to the book the additional columns to accomplish this purpose. See *Munson* v. *New York,* 124 U. S. 601, 604, 31 L. ed. 586, 587, 8 Sup. Ct. Rep. 622; *United States Credit System Co.* v. *American Credit Indemnity Co.* 8 C. C. A. 49, 20 U. S. App. 172, 59 Fed. 139, 143.

The decision will be affirmed. It is so ordered, and that this decision be certified to the Commissioner of Patents.

*Affirmed.*